IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | CRIMINAL CASE NO. |
| | 1:10-CR-00343-CAP-RGV |
| CHARLES DURUOHA | |

**ORDER FOR SERVICE OF MAGISTRATE JUDGE'S**
**FINAL REPORT AND RECOMMENDATION**

Attached is the Report and Recommendation of the United States Magistrate Judge made in accordance with 28 U.S.C. § 636(b)(1) and N.D. Ga. Crim. R. 58.1(A)(3)(a) and (b). Let the same be filed and a copy, with a copy of this Order, be served upon counsel for the parties.

Pursuant to 28 U.S.C. § 636(b)(1), each party may file written objections, if any, to the Report and Recommendation within fourteen (14) days of receipt of this Order. Should objections be filed, they shall specify with particularity the alleged error(s) made (including reference by page number to the transcript if applicable) and shall be served upon the opposing party. The party filing objections will be responsible for obtaining and filing the transcript of any evidentiary hearing for review by the District Court. If no objections are filed, the Report and Recommendation may be adopted as the opinion and order of the District Court and

any appellate review of factual findings will be limited to a plain error review. United States v. Slay, 714 F.2d 1093, 1095 (11th Cir. 1983) (per curiam).

Pursuant to Title 18, U.S.C. § 3161(h)(1)(F), **the above-referenced fourteen (14) days allowed for filing objections is EXCLUDED from the computation of time under the Speedy Trial Act, whether or not objections are actually filed.** The Clerk is **DIRECTED** to submit the Report and Recommendation with objections, if any, to the District Court after expiration of the above time period.

**IT IS SO ORDERED and DIRECTED**, this 29th day of October, 2010.

*Russell G. Vineyard*
RUSSELL G. VINEYARD
UNITED STATES MAGISTRATE JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | CRIMINAL CASE NO.  1:10-CR-00343-CAP-RGV |
| CHARLES DURUOHA | |

**MAGISTRATE JUDGE'S FINAL REPORT AND RECOMMENDATION**

On September 29, 2010, defendant Charles Duruoha filed a "Motion to Suppress," [Doc. 29], in which he seeks to suppress evidence seized from his residence pursuant to a search warrant. In the motion, defendant simply asserts that there was no probable cause for the issuance of the search warrant, and that the search warrant was overbroad, without offering any specific argument to support the request for suppression. [Id. at 2]. Accordingly, at the pretrial conference on October 4, 2010, the Court informed defendant that his motion was insufficient and granted defendant an opportunity to perfect his motion to suppress by October 12, 2010. [Doc. 30].

Defendant has not perfected his motion to suppress, and it is deemed abandoned and withdrawn. United States v. Rodriguez-Alejandro, 664 F. Supp. 2d

1320, 1327 n.3 (N.D. Ga. 2009). Moreover, defendant's motion is due to be denied because in the absence of any specific argument to support the request for suppression, defendant has not satisfied his "burden of coming forward with allegations that are sufficiently definite, specific, detailed, and nonconjectural to cause the Court to conclude that a substantial claim exists." United States v. Johnson, No. CR 107-021, 2007 WL 1231824, at *1 (S.D. Ga. Apr. 25, 2007); United States v. Christou, No. 1:06-cr-483-WSD, 2007 WL 1576434, at *3 (N.D. Ga. May 30, 2007), adopted at *1 (motion to suppress lacked "the necessary details to question either the sufficiency of the detailed search warrant applications used to seize the documents and computers or the manner in which the search warrants were executed"). Furthermore, the Court has reviewed the challenged search warrant and finds that the affidavit submitted in support of the search warrant application established probable cause to search defendant's residence and the search warrant was not overly broad. Accordingly, it is **RECOMMENDED** that defendant's "Motion to Suppress," [Doc. 29], be **DENIED**.

There are no other pending matters before the Magistrate Judge, and the undersigned is aware of no problems relating to the scheduling of this case.

**IT IS THEREFORE ORDERED** and **ADJUDGED** that this action be and the same is hereby, certified Ready for Trial.

**IT IS SO ORDERED AND RECOMMENDED**, this 29th day of October, 2010.

*Russell G. Vineyard*
RUSSELL G. VINEYARD
UNITED STATES MAGISTRATE JUDGE